[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR AWARD OF ATTORNEY'S FEES
In this action the plaintiff alleged that he suffered a whiplash type injury when the escalator on which he was riding suddenly stopped. He brought this action against West Farms Associates, the owner of the West Farms Mall, where the escalator was located, and Westinghouse Electric Company, Westinghouse Company, and Westinghouse, Inc. (hereinafter referred to collectively as "Westinghouse").
One of the plaintiff's claims against Westinghouse was brought under Connecticut's Products Liability Act, Connecticut General Statutes 52-572m et seq., and alleged that the escalator was in a defective condition, unreasonably dangerous, and that Westinghouse negligently maintained the escalator, failed to warn of the escalator's dangerous condition and breached various express and implied warranties.
After several days of trial the plaintiff withdrew the action against Westinghouse.
In April of 1989 Westinghouse served on the plaintiff interrogatories and Production Requests, which sought the factual basis of the plaintiff's product liability claim that the escalator was defective and unreasonably dangerous, and that Westinghouse failed to adequately maintain the escalator and failed to warn the plaintiff of the dangerous condition of the escalator. The plaintiff responded to those Interrogatories and Production Requests as follows: CT Page 3599
 The plaintiff's attorney is currently investigating and requesting this information from various sources. This information will be provided at a later date.
Westinghouse again brought up the plaintiff's failure to respond to the Interrogatories and Production Requests approximately one month before trial. At that time the plaintiff indicated that he was still investigating the basis of his product liability claims. The plaintiff never provided Westinghouse with any facts supporting his allegations that the escalator was defective, dangerous or malfunctioned in any way.
The evidence introduced at trial showed that the escalator was equipped with a safety shut-off switch located at the bottom of the escalator. The plaintiff testified that two youths were engaging in horseplay on the escalator near the shut-off switch and may have activated the switch, which caused the escalator to stop. The evidence further showed that the escalator traveled at the speed of one mile per hour and stopped so gently that liquid in a wine glass placed on the step of the stopping escalator barely moved.
Based on the foregoing, it appeared that the escalator was not defective at all, but stopped because it was supposed to stop when the shut-off switch was activated. It further appeared that the manner in which the escalator stopped was not at all dangerous.
Westinghouse has moved that it be awarded reasonable attorney's fees against the plaintiff pursuant to Connecticut General Statutes 52-240a, which provides:
 If the court determines that the claim or defense is frivolous, the court may award reasonable attorney's fees to the prevailing party in a products liability action.
The court finds that the plaintiff's action against Westinghouse was frivolous within the meaning of 52-240a. The plaintiff never produced one scintilla of evidence to support the products liability claims in its complaint despite several requests from Westinghouse that it do so. Westinghouse was required to expend amounts in excess of $40,000 in defending the case. Based on the foregoing, the court awards the amount of $30,000 as reasonable attorney's fees in favor of Westinghouse against Joseph Pontillo. CT Page 3600
By the Court,
Aurigemma, J.